UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ADAM LEZOTTE,

    Plaintiff,

v.

**GR RESTAURANT MANAGEMENT, LLC,** a Florida limited liability company,
**G&V 2, LLC,** a Florida limited liability company,
and **GARY RACK,** individually,

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, ADAM LEZOTTE, by and through the undersigned counsel and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), hereby brings this action against Defendants, GR RESTAURANT MANAGEMENT, LLC, G&V 2, LLC, and GARY RACK, individually, (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages, and reasonable attorney's fee and costs from Defendants.

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Broward County, Florida, and the Defendant is a Florida corporation who transacts business in Broward County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, ADAM LEZOTTE, is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendants on or about February 2017, and worked for Defendants preparing food until approximately April 2019.

4. At all times material, Plaintiff, ADAM LEZOTTE, was an employee of Defendants within the meaning of the FLSA.

5. Defendant, GR RESTAURANT MANAGEMENT, LLC, is a limited liability company formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. Defendant, G&V 2, LLC, is a limited liability company formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

7. At all times relevant, the Defendant, GARY RACK, was an individual resident of the State of Florida who owned and/or operated the named corporate Defendants where Plaintiff was employed. Defendant, GARY RACK, is involved in the day-to-day opertation of GR

RESTAURANT MANAGEMENT, LLC and/or G&V 2, LLC and was responsible for the supervision of the Plaintiff, the hiring and firing of employees, and had the duty to pay his employees. Defendant, GARY RACK, acted and acts directly in the interests of GR RESTAURANT MANAGEMENT, LLC and/or G&V 2, LLC, in relation to its employees, and thus, Defendant, GARY RACK, was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

8. Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

9. Throughout Plaintiff's employment with Defendants, the coroprate Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

10. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

11. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiff for those hours worked in excess of Forty (40) hours within each and every work week.

12. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendants.

13. However, Defendants did not pay time-and-a-half wages for all of the overtime hours worked by Plaintiff.

14. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff, ADAM LEZOTTE, re-alleges and incorporates herein the allegations contained in paragraphs 1-14.

16. Plaintiff is entitled to be paid time-and-a-half his regular rate of pay for each hour worked in excess for Forty (40) hours in each work week.

17. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

18. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

19. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, ADAM LEZOTTE, demands judgment against the Defendants, jointly and severally, for the following:

    (a) Unpaid overtime wages found to be due and owing;

    (b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

    (c) A reasonable attorney's fee and costs; and

    (d)    Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

20.    Plaintiff demands a jury trial on all issues so triable.

DATED:  June 27, 2019

>MILITZOK LAW, P.A.
>*Attorney for Plaintiff*
>Wells Fargo Building
>4600 Sheridan Street, Suite 402
>Hollywood, Florida 33021
>(954) 780-8228 - Telephone
>(954) 719-4016– Facsimile
>bjm@militzoklaw.com
>
>By: /s/ Brian Militzok
>BRIAN J. MILITZOK, ESQ
>Fla. Bar No.: 0069993